UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JENNIFER MARIE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> HUNTER WARFIELD, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-01049 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes JENNIFER MARIE LEWIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, the Bankruptcy Discharge Injunction ("Discharge Injunction"), 11 U.S.C. §524, *et seq.*, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

**PARTIES**

4. Plaintiff is a 46 year old natural person, who at all times relevant to the instant action resided at 214 E. Payson Street, Unit B, Pontiac, Illinois, which falls within the Central District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Defendant provides revenue recovery services[1] from its headquarters located at 4620 Woodland Corporate Boulevard, Tampa, Florida. Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2006.[2]

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://ww2.hunterwarfield.com/about.aspx
[2] http://www.acainternational.org/memberdirectory.aspx.

### FACTS SUPPORTING CAUSES OF ACTION

10. Several years ago, Plaintiff incurred a consumer obligation owed to Arbors at Eastland ("Arbors") in the approximate amount of $3,702.00 ("subject consumer debt").

11. The subject consumer debt was related to an obligation incurred by Plaintiff for personal and family purposes.

12. Upon information and belief, Arbors turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

13. On August 17, 2016, Plaintiff caused to be filed a Chapter 7 petition in the United States Bankruptcy Court for the Central District of Illinois, under case number 16-90827 ("Bankruptcy Case"). *See* attached Exhibit A is a true and correct copy of the docket for the Bankruptcy Case.

14. On November 25, 2017, Plaintiff received a discharge of all her dischargeable debts, including the subject consumer debt, under 11 U.S.C. §727. *See* attached Exhibit B is a true and correct copy of the Discharge Order entered in the Bankruptcy Case.

15. The Discharge Order contained language which stated in relevant part, "**Creditors cannot collect discharged debts**". *See* Exhibit B.

16. The Bankruptcy Case was closed on December 16, 2016. *See* Exhibit A.

17. Following the issuance of the Discharge Order, Defendant began seeking payment from Plaintiff on the subject consumer debt.

18. On *at least* six different occasions, Defendant called Plaintiff cellular phone number, (309) XXX-2488, with attempts to collect. The dates of these calls includes:

    i. December 14, 2016 at 12:28 pm

    ii. December 14, 2016 at 12:37 pm

    iii. December 14, 2016 at 1:36 pm

        iv.   January 23, 2017 at 12:20 pm

        v.   January 24, 2017 at 9:13 am

        vi.   January 25, 2017 at 5:29 pm

19. Defendant has also sent Plaintiff written correspondence seeking payment on the subject consumer debt including on January 13, 2017.

20. Defendant has made reports to various credit agencies representing that the subject consumer debt was due and owing despite actual knowledge of the Discharge Order.

21. Frustrated over Defendant's collection activity, Plaintiff emailed a representative named Mishele Sileo on January 24, 2017, referencing Defendant's unlawful credit reporting. Plaintiff email stated, "Take this off and quit harassing me."

22. Despite receipt of Plaintiff's email, Defendant has continued to willfully call Plaintiff seeking payment of the subject consumer debt.

23. Frustrated over Defendant's conduct and seeing no alternative to stopping it, Plaintiff engaged the services of Sulaiman to bring the instant action.

24. Plaintiff has been inconvenienced, misled, and harassed by Defendant's collection actions. Similarly, she has been made to believe the Bankruptcy Case had no effect due to Defendant's actions.

25. Plaintiff has spent money, approximately $45.00, purchasing and maintaining an application on her cellular phone to address Defendant's conduct.

26. Plaintiff has suffered actual harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by such calls, increased usage of his telephone services, loss of cellular phone capacity, diminished

cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Through its collection activities Defendant violated 15 U.S.C. §1692c(a)(1), d, d(5), e, e(2), e(8), e(10), f, and f(1).

29. By virtue of the Discharge Order, Defendant was completely enjoined for contacting Plaintiff seeking payment of the subject consumer debt. When Defendant continued to contact Plaintiff after she filed the Bankruptcy Case, it falsely and unfairly represented that the subject consumer debt was in fact collectable. This conduct had the natural consequence of harassing Plaintiff.

30. Defendant knew about the Bankruptcy Case from examination of Plaintiff's credit report. Despite this knowledge, Defendant willfully continued to engage in illegal collection activity on an obligation that no longer existed.

31. As plead in paragraphs 23 and 26, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JENNIFER MARIE LEWIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II- VIOLATIONS OF THE DISCHARGE INJUNCTION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

    a. **Section 11 U.S.C. §524(a)(2)**

33. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

34. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

35. Punitive damages may be awarded for violations of the Discharge Injunction, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr.N.D.Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

    b. **Defendant's conduct was perpetual, willful, and wanton**

36. Defendant violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject consumer debt.

37. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the Bankruptcy Code.

38. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

39. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect the subject consumer debt from Plaintiff in violation of the Discharge Injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, JENNIFER MARIE LEWIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Finding Defendant in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;
b. Order Defendant to pay Plaintiff for her actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;
c. Order Defendant to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;
d. Order Defendant to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105;
e. Enjoining Defendant from further contacting Plaintiff; and
f. Provide such other and further relief as the Court may deem just and proper.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as through fully set forth herein.

41. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

**a. Unfairness**

42. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject consumer debt. Defendant engages in debt collection, which is an activity within the stream of commerce and utilized in their regular course of business. *See* 815 ILCS 505/1(f).

43. Defendant's demands for payment on the subject consumer debt, which was discharged in the Bankruptcy Case, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

44. It was unfair for Defendant to mislead Plaintiff into believing the subject consumer debt was still owed, when it was not.

45. It was unfair for Defendant to seek to collect the subject consumer debt from the Plaintiff through constant misleading communications.

46. It was unfair for Defendant to attempt to induce the Plaintiff into making payments on an uncollectible debt by repeatedly calling Plaintiff.

47. Defendant intended that the Plaintiff rely on its unfair acts.

### b. Deception

48. Defendant's demands for payment represent the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demands for payment were made.

49. Defendant's demands were deceptive because they were systematically calculated to mislead Plaintiff into believing the subject consumer debt was owed, when in fact it was discharged in the Bankruptcy Case.

50. Defendant's demands for payment were systematically calculated to induce payment on a debt that is no longer owed.

51. Such deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

52. As pled in paragraphs 23 to 26, Plaintiff has suffered pecuniary damages as a result of Defendant's unlawful collection practices.

53. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and she had no choice but to submit to the continued conduct.

WHEREFORE, Plaintiff, JENNIFER MARIE LEWIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

Dated: January 31, 2017                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com